22 So.2d 178

### SCHARNAGEL v. STATE.

### 8 Div. 454.

Court of Appeals of Alabama.

May 15, 1945.

Wm. Stell, of Russellville, for appellant.

124

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, tried before the court sitting without a jury, was convicted of the offense denounced by Code 1940, Title 14, Section 257.

The indictment—one count of same —following the language of said Code Section, charged that he "did unlawfully keep, operate or exhibit a pool or billiard table outside of an incorporated city or town having a police force, on which pool or billiard table the public did play, against the peace and dignity of the State of Alabama."

There were three counts in the indictment, but the other two were not different, insofar as the demurrers which were duly filed were concerned, from the one quoted.

There was no error in overruling said demurrers. Murrell v. State, 44 Ala. 367; Code 1940, Tit. 15, Sec. 232.

We agree with the Assistant Attorney General here representing the State, that:

"The evidence tended to show that appellant owned and operated a store, located at Spruce Pine in Franklin County, Alabama, an unincorporated town or city, and had been in the operation of such business for over twenty years, and that he also had two pool or billiard tables in the back of the store, but separated from the store by a partition four or five feet high. According to the testimony the public con-

gregated there to play pool, and a certain amount was paid for each game played.

"Appellant's defense to the prosecutions was that he comes within the provisions of Title 14, Section 252, Code of Alabama 1940, by virtue of the fact that he organized a club known as the Spruce Pine Social Club, and that the pool or billiard tables belonged exclusively to the club and only club members were allowed to play on these tables.

"There is evidence in the record which justified the trial judge in finding that the defendant operated a pool or billiard room in which the public generally assembled to play pool and that he collected for each game played, and commingled the money with other moneys belonging to him in the cash register of his business."

In other words, there was ample evidence before the court authorizing it to find, as it evidently did, that appellant's "defense" was a mere "sham;" and that he was operating a pool or billiard table *"on which the public can (could) play,"* outside of an incorporated city or town, having a police force.

The judgment is affirmed.

Affirmed.